HENRY H. GAGE

v.

THE PEOPLE ex rel. John J. Hanberg, County Treasurer.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. SPECIAL ASSESSMENTS—*applications for sale for different installments are independent proceedings.* Objections to the legality of judgments of sale for earlier installments of a special assessment cannot be considered upon application for judgment of sale for a subsequent installment, since the proceedings are independent. ·

2. SAME—*certificate of publication construed.* In a certificate of publication reciting that the foregoing list is a "list of delinquent lands and lots" upon which special assessments remain due and unpaid, "with notices hereto attached, and that the same were duly published and advertised," the words "the same" refer to and include all lists and notices mentioned in the certificate. (*McChesney* v. *People,* 174 Ill. 46, distinguished.)

3. SAME—*form of judgment prescribed by section 191 of Revenue act must be followed.* The form prescribed by section 191 of the Revenue act for a judgment and order of sale for delinquent taxes and special assessment must not be departed from in any material respect.

4. SAME—*judgment of sale must show amount due.* A judgment for the sale of lots for a delinquent special assessment is fatally defective which fails to show, in terms or by proper reference, the amount of assessment and costs adjudged against the property.

5. SAME—*defect in the form of judgment does not require new trial.* If a defect in the form of the judgment entered on application for judgment of sale for a delinquent special assessment is the only error in the proceeding a new trial will not be awarded, but the judgment will be reversed, with directions to the trial court to enter a proper judgment.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

On July 11, 1904, the county collector of Cook county applied to the county court of that county for judgment for the delinquent fourth installment of a special assessment levied against certain lots in the city of Chicago belonging to

Henry H. Gage. On July 13, 1904, Gage filed a written special appearance, questioning the jurisdiction of the court to entertain the application or to enter judgment or order of sale or to permit the sale of said lots, and objected to the consideration of the application by the court for the following alleged reasons: First, because the notice for the sale of said lots to pay the first, second and third installments of said assessment, upon which installments judgment and order of sale had been entered by said county court at a previous term, was defective; second, because there is a variance between the warrant for the collection of the assessment and the said notice of sale as to the subject matter of the delinquency; and, third, because the certificate of publication of the notice of application for judgment for the said fourth installment, and the notice of sale for the first three installments, does not conform to the statute and is ambiguous and informal.

The court ordered that the special appearance of Gage, in so far as it affected the first three installments, be stricken from the files, and overruled all objections as to the fourth installment and entered judgment against the property.

Gage sued out a writ of error from this court to review the judgment of the county court, and assigns as error that the judgment is defective in failing to show the amount or amounts for which rendered. He also urges that the court erred in ordering the objections relating to the first three installments stricken from the files, and in holding the certificate of publication of the notice of application for judgment to be sufficient.

F. W. BECKER, for plaintiff in error.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was an application for a judgment and order of sale for the payment of a delinquent fourth installment of a special assessment. At a former term of the same court, judgment and order of sale had been entered for the first three installments of the same special assessment. In this proceeding plaintiff in error sought to question the validity of the judgment for the earlier installments. That this is an independent proceeding, in which the court could not consider any question affecting the legality of the earlier judgment, is too plain to require argument or the citation of authorities.

The appearance entered by plaintiff in error was special in character, and it was urged that the certificate of publication was defective. That certificate recites that the foregoing lists of lands and lots "is a list of delinquent lands and lots upon which" taxes remain due and unpaid, "and also a list of delinquent lands and lots" upon which special assessments and special taxes remain due and unpaid, "with notices hereto attached, and that the same were duly published and advertised," etc. It is said that this certificate is unintelligible because it is impossible to say what is the antecedent of the words, "the same," where they appear before "were duly published and advertised." We think the objection without merit. The words, "the same," plainly apply to and include all the lists and the notices which had been mentioned in the preceding portion of the certificate.

This case is distinguishable from the case of *McChesney* v. *People,* 174 Ill. 46, in that the words "and that the same," which appear between the word "attached" and the word "were" did not appear in the certificate in that case at all.

The judgment in this cause reads as follows:

"It is thereupon ordered by the court that judgment be and is hereby entered against the tract or tracts, or lots of land or parts of tract or tracts or lots as described in the objections filed herein, and as set forth in the attached schedule

which is made a part of this order, in favor of the People of
the State of Illinois, for the sums annexed to each, being the
amount of the said special assessment and costs due severally
thereon. And it is ordered by the court that said several
tract or tracts or lots of land be sold as the law directs to
satisfy the amount of said assessment and costs annexed to
them severally."

It appears from the abstract that this judgment is fol-
lowed by a schedule giving a description of the lots against
which the judgment was to be rendered, but in that schedule
there is no statement showing the amount of the assessment
and costs. It cannot be ascertained what amounts are ad-
judged against the property. The judgment therefore is
fatally defective. As pointed out in *Gage* v. *People*, 207 Ill.
61, the form prescribed by section 191 of chapter 120, Hurd's
Revised Statutes of 1903, for this judgment must be sub-
stantially followed, and in that case we indicated the precise
method to be pursued in entering such a judgment. That
form contemplates a reference in this judgment to a list
which precedes it in the "judgment, sale and redemption rec-
ord" of the county court, and that list shows or should show
the amount of the judgment against each tract. It appears in
this case that the judgment follows such a list, but instead of
referring to that list by the use of the word "aforesaid," as
contemplated by the form used in the statute, reference is
made, as appears from the abstract, to a schedule attached
to and following the judgment, and that schedule, as we
have above pointed out, does not show the amount for which
the judgment was entered. Had it shown that amount there
would have been a substantial compliance with the statute in
that regard. A comparison of the judgment with the statute
shows that it does not follow that enactment in other respects.
As this judgment must be reversed, the difficulties attendant
upon such other variances may be obviated when the applica-
tion is again brought to the attention of the court below.

No error intervened in this proceeding prior to the entry of the judgment. It is therefore unnecessary to award a new trial.

The judgment of the county court, however, will be reversed, and the cause remanded with directions to that court, upon motion of defendant in error, to enter a judgment in compliance with section 191 of chapter 120, Hurd's Revised Statutes of 1903.

*Reversed and remanded, with directions.*