HENRY H. GAGE*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 20, 1905.*

1. SPECIAL ASSESSMENTS—*when omission of dollar-mark is fatal to judgment.* A judgment of sale for a special assessment is defective which refers to a schedule attached thereto for the amount, but there is no dollar-mark in front of the numerals in the schedule and nothing to show that the numerals indicate dollars and cents.

2. SAME—*judgment should state that the necessary notice was given.* Where notice to the adverse parties of the re-docketing of a cause is necessary, the judgment should specifically show, by proper recitals, that such notice was given to them.

3. SAME—*judgment of sale signed with initials is not sufficient.* A judgment and order of sale marked "O. K.," with the initials of the county judge following, does not conform to the statute providing that it shall be signed by the county judge.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

At the June term, 1903, of the county court of Cook county, the county collector applied for judgment against the property of plaintiff in error for the first and second installments of a special assessment levied for paving Turner avenue, in the city of Chicago. The court overruled the objections of plaintiff in error and judgment and order of sale was entered, which was reversed by this court upon appeal. (*Gage v. People,* 207 Ill. 61.) Subsequently a transcript of the order reversing and remanding the cause was filed in the county court, and an order entered setting the case for hearing on Thursday, March 24, 1904, at ten o'clock A. M. At the time set for the hearing an order was entered which recited as follows: "It appearing to the court that the mandate and transcript of the order of the Supreme Court of Illinois reversing the judgment of this court heretofore entered here-

---

*Consolidated case, being Nos. 4218, 4219 and 4220.

in as to the property of the objector, represented by F. W. Becker, attorney, and remanding said cause as to the property of said objector, has been filed herein for more than ten days last past, and that due notice has been given that a motion would be made by said petitioner to re-docket the cause, and for further proceedings in conformity with the opinion of the Supreme Court, therefore the said cause," etc. Following the judgment was an order of sale against the lots for the amounts as indicated in the schedule attached to the order. The plaintiff in error did not appear in the court below subsequent to the reversal of the cause, and from the order as entered he has prosecuted 'a writ of error, claiming that the cause was re-docketed without statutory notice; that the re-docketing order is defective; that the court was without jurisdiction to enter the order, and that there are defects in the form of the judgment and order of sale.

F. W. BECKER, for plaintiff in error.

RORERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The body of the judgment and order of sale refers to a schedule attached thereto, which is supposed to indicate the amount due upon each lot. It is insisted that this schedule is fatally defective, for the reason that there is no word, mark or character to show what the numerals appearing in the various columns stand for. In the cases of *Gage* v. *People,* 213 Ill. 347 and 410, we reversed the judgments of the county court for the reason that the dollar-mark was omitted from in front of the numerals, and there was nothing to show what the figures indicated. The judgment at bar is identical with those in the cases referred to. The dollar-mark is entirely omitted, and the judgment will have to be reversed for this omission.

Complaint is also made that the recital in the judgment does not sufficiently show that proper notice was given before the case was re-docketed. It is insisted that to sustain an order of re-docketing the record ought affirmatively to show that due notice of the filing of the transcript of the remanding order was given to the adverse party or his attorney, and that notice should appear in the files, or the order re-docketing the case should recite that due notice was given to the respective parties. The remanding order of this court directs the county court to enter judgment in conformity with section 191 of the Revenue act.

It is contended that inasmuch as the court below could do no more than enter the judgment as directed, notice would serve no purpose and was unnecessary. The statute seems to contemplate notice of re-instatement or remandment in all cases. But it is said the recitals in the judgment show notice. The recital did not specifically state that notice had been given to the parties interested, and was not sufficient.

It is also insisted that the judgment and order of sale does not comply with the requirements of the statute, for the reason that it is not signed by the county judge. The letters "O. K.—O. N. C.," appear at the end of the order. The statute expressly provides that the judgment and order of sale shall be signed by the county judge. (Hurd's Stat. 1903, chap. 120, sec. 191, p. 1541.) While we will take judicial notice of the name of the present occupant of the office of county judge of Cook county, yet the initials at the end of the order do not comply with the requirement of the statute.

For the errors indicated the judgment of the county court will be reversed and the cause remanded, with leave to the attorneys for defendant in error to move the court for, and with directions to the county court to enter, a judgment in conformity with section 191 of the Revenue act.

*Reversed and remanded, with directions.*