HENRY H. GAGE

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed October 23, 1906—Rehearing denied Dec. 5, 1906.*

1. PRACTICE—*when notice in writing of re-docketing of cause is not essential.* In the absence of a statutory requirement or a rule of court, notice of re-docketing is not essential to the jurisdiction of the court to which the cause has been remanded on the hearing of a writ of error, but the plaintiff in error is charged, by law, with notice that the mandate will be filed in the lower court for further proceedings.

2. SAME—*statute now requires notice of re-docketing.* Under section 83 of the Practice act, when any cause is remanded by the Supreme Court or Appellate Court for a new trial the cause shall be re-instated in the trial court upon a transcript of the remanding order being filed in the trial court, and not less than ten days' notice thereof is required to be given to the adverse party or his attorney.

3. SPECIAL ASSESSMENTS—*what is a sufficient notice of re-docketing.* A written notice served on the adverse party or his attorney which plainly advises such party what cause is to be re-docketed and when and in what court application for re-instatement will be made is sufficient if served ten days before the application is to be made, notwithstanding there are informalities in the notice, which are not, however, misleading.

4. SAME—*what does not render notice of re-docketing insufficient.* The facts that the notice of re-docketing of a special assessment case describes the plaintiff as "county treasurer" instead of "county collector" and that it does not state that the mandate was one "reversing and remanding said cause" do not render the notice insufficient.

5. NOTICE—*general rule as to construing notices.* In construing notices in chancery proceedings and other instances where notices are required, the real question is not whether the notice is formally and technically correct, but whether the object and intent of the law were substantially attained thereby.

WRIT OF ERROR to the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

F. W. BECKER, for plaintiff in error.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

At the July term, 1904, of the county court of Cook county a judgment was entered for the delinquent fourth installment of a special assessment levied against certain lots of which the plaintiff in error was the owner, and an order of sale of said lots was awarded. The plaintiff in error sued out a writ of error and brought the judgment into

review in this court. We found that the proceedings prior to the entry of the judgment were regular and without error, but that the judgment did not show, in terms or by proper reference, the amount of the judgment and costs assessed against the property. For that error in the form of a judgment the judgment was reversed and the cause remanded to the county court, with directions to that court, upon motion of defendant in error, to enter a judgment in compliance with section 191 of chapter 120, Hurd's Revised Statutes of 1903, for such other and further proceedings as to law and justice should appertain. (*Gage* v. *People,* 213 Ill. 410.) The mandate of this court was issued and filed in the said county court on March 2, 1905. The cause was re-docketed and a motion was entered by the county treasurer and *ex officio* collector asking that judgment be entered in accordance with the mandate of this court. The plaintiff in error entered a special appearance and objected "to the further consideration of said cause because due notice of the filing of the said transcript of the order remanding said cause, and of this application, has not been given and no duly certified transcript of the mandate has been properly filed." The objections were overruled and judgment entered in compliance with the mandate of this court. This is a writ of error to bring this latter judgment into review in this court.

A notice in writing that the cause would be re-docketed and a motion for judgment, as directed in the mandate, would be made, was duly served, but plaintiff in error contended that such notice was defective and insufficient, and his position in this court now is, that because of the alleged defects and insufficiencies in the notice the said county court was without jurisdiction to enter judgments, as directed to do by this court. The character of notice to be given in such instances is a matter of statutory regulation or is to be governed by the rules of the trial court. In the absence of a statutory requirement or a rule of court, notice is not essen-

tial to the jurisdiction of the court to which the cause has been remanded on the hearing of a writ of error, (3 Cyc. 481,) but the plaintiff in error is charged, by law, with notice that the mandate will be filed in the lower court for further proceedings.

In earlier years we had no statute requiring notice to the opposite party of the filing of a record of this court in a cause which had been remanded to an inferior court for further proceedings, and we held that notice thereof was not essential to the jurisdiction of the trial court to proceed in the cause. (*Murray* v. *Whittaker,* 17 Ill. 230; *Reaugh* v. *McConnell,* 36 id. 373.) Subsequently the practice to be pursued became a matter of statutory regulation, and the act of February 22, 1872, (Laws of 1872, p. 351,) as amended by the act of June 2, 1877, (Laws of 1877, p. 148,) in order to make the statute apply to cases remanded by the Appellate Courts, provided (sec. 83) that when any cause or proceeding is remanded by the Supreme or Appellate Court the same may be re-instated by giving not less than ten days' notice to the adverse party or his attorney, or if such adverse party be a non-resident or cannot be found, notice should be given as required in cases in chancery or as might be directed by the court. At the session of the General Assembly in 1885 the Practice act, as to the notice to be given on the remandment of causes, again became the subject of legislative consideration and action and the former enactments were amended, and what is now section 83 of the Practice act was adopted. (Laws of 1885, p. 229; 3 Starr & Cur. Stat. p. 3111.) This latter enactment was in force and controlled the case at bar. Said section 83 provides: "When any cause or proceeding either at law or in chancery is remanded by the Supreme Court or the Appellate Court, as the case may be, for a new trial or hearing by the court in which such cause was originally tried, the Supreme Court, or Appellate Court, as the case may be, shall issue its mandate reversing and remanding such cause directly to such trial

court; and upon a transcript of the order of the Supreme Court, or Appellate Court, as the case may be, remanding the same, being filed in the court in which said cause was originally tried, and not less than ten days' notice thereof being given to the adverse party or his attorney, the cause or proceeding shall be re-instated therein." While there is some slight difference in the language of the statute as amended in 1885 and the law of 1877, still we have held that it was not the intention of the legislature to dispense with notice by the last named amendment in any case where it was required under the former statute. *Gage* v. *People,* 219 Ill. 20.

The notice which was served in this case and to which plaintiff in error makes objection is as follows:

"STATE OF ILLINOIS, ⎫
   *County of Cook.* ⎬ *ss.*

                            *In the County Court of Cook County.*

"In the matter of the application of the ⎫ Warrant
county treasurer of Cook county for judgment ⎪ No. 26011.
and order of sale on delinquent special assess- ⎬ Special Objection
ments due for the year 1903 and previous ⎪ No. 174.
thereto.                                     ⎭

*In re* Supreme Court, ⎫
Docket No. 3775,    ⎬
*Gage* vs. *The People.* ⎭

"*F. W. Becker, Attorney for Appellants:*

"You are hereby notified that a transcript of the order of the Supreme Court was filed in the above entitled cause on the 14th day of March, A. D. 1905, and that we shall make a motion before his honor Judge Carter, in the room usually occupied by him as a court room, on Monday, the 24th day of April, A. D. 1905, at 10 o'clock A. M., or as soon thereafter as counsel can be heard, asking that the above entitled cause be re-docketed and that a judgment be entered in accordance with the mandate of the Supreme Court.

                                    ROBERT REDFIELD,
                                    WILLIAM PINDELL,
                                    *Attorneys for Appellee.*"

The objections to the notice are, that it is "defective in its title, in its statement of when and where the transcript was filed, in its description of the transcript and of the cause to be re-docketed." While this is a proceeding under our

Local Improvement law and may result in the sale of private property to pay special assessments, still the particular statute which governs the giving of notice upon the reversal and remandment of a cause is no part of the Local Improvement act or of the revenue code, but it is a general provision found in the Practice act and is intended to apply to all classes of cases, hence it is not to receive a stricter construction here than would be given the same section in any other proceeding. It is to be noted that the statute prescribes no particular form of notice nor does it designate what the contents of such notice shall be, except it requires a notice of the filing of the mandate reversing and remanding the cause to the trial court, to be served not less than ten days before such cause is re-instated, on the adverse party or his attorney. The sole purpose of the statute requiring ten days' notice of the filing of the remanding order is to advise the opposite party that the cause is to be re-instated in the trial court. Since there is no particular form prescribed for such notice either by the statute or rule of court, any written notice personally served on the adverse party or his attorney that plainly affords such party information of what cause is to be re-docketed and when he will proceed to have said cause re-instated in the court from which it was appealed, served ten days before such proceedings are to be had, would seem to be all that is required. The statute provides for service upon non-resident parties or parties who cannot be found, and upon whom personal notice cannot be served, in the same manner as in chancery cases or as may be directed by the court. No greater strictness ought to be required in a notice served personally than in one published in a newspaper, which is to conclude the rights of parties who cannot be found or who reside out of the State. This court has held, in construing notices in chancery proceedings and other instances where notices were required, that the real question is and should be, not whether the notice is formally and technically correct, but whether the object and intent of the law

were substantially attained thereby. (*Goudy* v. *Hall,* 36 Ill. 313; *Clark* v. *Marfield,* 77 id. 258; *Michael* v. *Mace,* 137 id. 485; *Iroquois Furnace Co.* v. *Wilkin Manf. Co.* 181 id. 582.) It is true, there are some slight informalities in the notice in regard to the title of the cause, and in some other respects; still, would the plaintiff in error, or any intelligent person reading this notice, be misled by these trifling inaccuracies? We think not.

It is said the county treasurer is plaintiff in the cause, according to the notice, when it should be the county collector. The county treasurer is *ex officio* county collector; so, at most, this is only a slight misdescription of John J. Hanberg, who was the real plaintiff and was both county treasurer and county collector. We notice in the original title in this case as published in 213 Ill. 410, the title is "Henry H. Gage vs. The People *ex rel.* John J. Hanberg, County Treasurer." The misdescription is not misleading and no rights of the parties were endangered thereby.

It is contended that the notice is uncertain as to what order of the Supreme Court was to be filed, since the words "reversing and remanding said cause" do not follow the word "order" in said notice. This is hypercritical and wholly without merit. The only order entered in the cause by this court which the law provides shall be filed in the trial court is the order reversing and remanding the cause.

Other objections to the notice are as unsubstantial as these noticed.

The judgment of the county court in overruling these objections and in entering judgment against plaintiff in error in accordance with our previous direction in this cause is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.