W. E. Boylston and Clara A. Boylston, Appellants, v. Senate Apartment Building Corporation et al., Appellees.

Gen. No. 39,581.

Opinion filed December 15, 1937.

TELLER, LEVIT, SILVERTRUST & LEVI, of Chicago, for appellants.

A. EDMUND PETERSON and SCOTT, MACLEISH & FALK, both of Chicago, for appellee Chicago Title & Trust Co.; GEORGE W. SWAIN, HAROLD D. BURGESS and MERRILL A. RUSSELL, all of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

An order was entered in the superior court in the above entitled cause on a motion made by defendants to dismiss plaintiffs' complaint and costs were rendered against the plaintiffs, from which order plaintiffs bring this appeal.

It appears from the complaint that on or about March 20, 1928, the Senate Apartment Building Corporation, a corporation, one of the defendants herein, issued bonds in the aggregate of $140,000, secured by certain real estate located in the city of Chicago; that the maturity date of said bonds covered the period beginning July 10, 1930 to July 10, 1935.

The complaint further alleges that the trust deed securing this bond issue by its terms made the Chicago Title & Trust Company, trustee; that said trustee certified as to the validity of the bonds and that they were secured by said trust deed; that all of said bonds, prior to the date of their respective maturities, were negotiated and sold for good and valuable considerations to certain owners and holders thereof; that the rents, issues and profits were included in addition to the conveyance of the premises for the pro rata benefit and security for the holders of the above mentioned bonds; that in performance there shall be no priority of one bond over another for the uses and purposes in said trust deed declared.

The complaint further alleges that the trust deed provided in case of default in the due and punctual payment of the principal or interest on any bond and shall continue for a period of 20 days, then the whole of said principal sum secured hereby, together with interest accrued thereon, shall, at once, without notice, at the option of the holder of any one of said bonds then unpaid, become due and payable, or "in case default shall be made in the due observance or performance of any other covenant, condition or agreement herein required to be kept or performed by the party of the first part, the said last mentioned default shall continue for a period of thirty (30) days after written notice thereof, to the party of the first part from the Trustee, then the Trustee may and upon written request of the holder of not less than twenty per cent (20%) of the principal amount of the bonds then outstanding hereunder and upon being indemnified to its satisfaction, shall, without further notice, declare the principal of all bonds hereby secured and then outstanding, together with accrued interest thereon, to be due and payable immediately."

The complaint further alleges that the trust deed further provided that the trustee in lieu of, or in addition to the right of entry as hereinabove provided, in case of default and the continuance thereof, in the payment of principal or interest, as provided, may on written request of the holder of any one or more of the then outstanding bonds and upon being indemnified to its satisfaction, shall, in case of such default, either cause the indenture to be foreclosed and the mortgaged property or any part thereof, to be sold or proceed to protect and enforce the rights of the trustee and the bondholders thereunder by appropriate proceedings at law or in equity, and for the enforcement of such legal or equitable remedy as may in the opinion

of counsel be found effectual to protect the rights aforesaid.

Although numerous defaults had occurred in the payment of principal and interest, the trustee did nothing about it, and on November 13, 1936, the trustee, Chicago Title and Trust Company, received the following letter:

"Chicago, Illinois,
November 13th, 1936.

"Chicago Title & Trust Company, a Corporation, as Trustee under that certain Trust Deed dated the 20th day of March, A. D. 1928, and recorded in the Recorder's Office of Cook County, Illinois, as Document Number 9994295:

"69 West Washington Street,
Chicago, Illinois.
"Gentlemen:—

"You Will Please Take Notice that the undersigned are the owners and holders of bonds numbered 13 to 14, in the principal sum of $1,000.00 each, together with interest coupons of Series 6, 7 and 8 attached to each of said bonds, made and executed by Senate Apartment Building Corporation, and secured by Trust Deed upon real estate in Cook County, Illinois, recorded in the Recorder's Office of Cook County, Illinois, as Document Number 9994295.

"You Are Further Notified that default in the payment of said principal bonds numbered 13 and 14, and interest coupons of series numbered 6, 7 and 8 attached to each of said bonds, has existed for more than twenty (20) days from the due date thereof.

"Therefore, pursuant to the provisions of said Trust Deed, the undersigned, as the owners and holders of said bonds and interest coupons thereto attached, secured by the lien of the said Trust Deed, does hereby request and demand that you, as Trustee, institute foreclosure proceedings, and the undersigned

do hereby offer to produce and deposit said bonds and interest coupons for said purpose, and do hereby offer to establish their title thereto, and do hereby offer to give you indemnity as provided in said Trust Deed.

"Kindly advise the undersigned as to the time, and place, when and where you desire the undersigned to produce the said indemnity, bonds and interest coupons. The undersigned are at all times ready and able to produce the same at a reasonable time to be appointed by you.

"Yours very truly,<br>
W. E. Boylston<br>
Clara A. Boylston

"Received a copy of the above demand this 13th day of November, A. D. 1936.

"Chicago Title & Trust Company,<br>
as Trustee,<br>
By A. E. Peterson

"Registered No. . . . . . . . . ."

Said letter was sent by the plaintiff, relying upon that section of the trust deed which provides that one or more bondholders may commence foreclosure after having given notice to the trustee of the default after a period of 30 days upon indemnifying the trustee for any costs in relation thereto.

The complaint further alleges that after serving notice upon the Chicago Title & Trust Company, as trustee, that the trustee failed and refused to act for the protection and benefit of the plaintiffs and owners and holders of the outstanding bonds and interest coupons; that Baird & Warner, Inc., was the concern who issued said bonds; that no bill to foreclose or any other proceedings in law or equity had been filed at the instance of either the said bondholders or the Chicago Title & Trust Company, as trustee; that plaintiffs have been informed that the county treasurer on June 19, 1933, and again on June 26, 1934, filed peti-

tions for the appointment of a receiver for failure to pay the general taxes on said premises; that thereafter on June 19, 1931, the original owners of the equity conveyed title to Mildred C. Sandley, a nominee for certain bondholders, and that thereafter the said Mildred C. Sandley conveyed said premises to the Chicago Title & Trust Company, in trust; that thereafter the Chicago Title & Trust Company, as trustee under said trust, conveyed title to Harry Haiman and that plaintiffs have been unable to ascertain the reason why said conveyances have been made and what benefit such conveyances have been to them and the other bondholders nor have plaintiffs been informed as to the numerous considerations given for said conveyances, but plaintiffs believe that the same amounts to several thousands of dollars and that there has been considerable expense in connection with the making, executing and recording of said conveyances; that plaintiffs have not been able to ascertain from what source the moneys have come to pay such considerations.

The complaint further alleges that under said trust deed, the holder of any bond or coupon secured thereby shall have the right to institute any suit, action or proceeding in equity, or at law for the foreclosure of said trust deed, or for the execution of any trust thereof, or for the appointment of a receiver, or any other remedy, where the trustee having been notified has refused to act in accordance with said notification; that upon any holder of any bond or coupon secured thereby, filing any bill to foreclose, or taking any other step by proper proceedings, either in law or equity, does so with the same rights and privileges as if the trustee named in said trust deed had filed a bill to foreclose, or taken such other step by proper proceedings either in law or in equity; that the plaintiffs filed their bill to foreclose and that the plaintiffs

filed their bill of complaint not only for themselves as legal holders of bonds numbered 13 and 14 and interest coupons thereto attached, but for the benefit of the owner or owners, holder or holders of all other outstanding and unpaid bonds and interest coupons secured by the lien of the trust deed.

The complaint further alleges that the bonds have been sold to the general public, and that the legal holders and owners thereof are very numerous and some of them reside out of the State of Illinois, that some of them are widely scattered and some are unknown; that it is impracticable to make all of the holders of said bonds parties to this complaint by name, and to do so would be difficult and in all likelihood impossible and would entail a very large additional expense in connection with the foreclosure of said trust deed, and would greatly delay these proceedings and the entry of a decree herein; that the interest of all the holders and owners of said bonds and coupons are in no respect in conflict with the interests of plaintiffs who bring this suit for and on behalf of themselves and of all owners of said bonds and coupons, and that any action taken by this honorable court on behalf of plaintiffs shall inure to the benefit of each and every one of the owners and the holders of the bonds and coupons secured by said trust deed herein sought to be foreclosed.

The complaint further alleges that the premises are located at 1627–41 Pratt boulevard, Chicago, Illinois, and are improved with a brick building containing 12 five-room apartments, 18 four-room apartments and basement apartment; that said real estate is of the present market value of approximately $85,000, and that the building was built in and about the year 1922; that the premises sought to be foreclosed are meager and scant security for said indebtedness and a receiver should be appointed to take charge and possession of

the premises herein described and to collect the rents, issues and profits therefrom and disburse the same according to the order of court; that the receiver have and take immediate possession; that after paying the expenses of said receivership, including all moneys disbursed by the receiver for rents, insurance, taxes and assessments on said premises and reasonable receiver's fees and fees for receiver's attorneys and other charges, the remainder of the rents and income from said premises should be applied towards the payment of any deficiency not paid by the proceeds of the sale of said premises or property.

The complaint further alleges that on March 5, 1930, an assignment of rents was issued to Baird & Warner, Inc., which said assignment was recorded in the recorder's office of Cook county on March 11, 1930, as document No. 10611788.

The complaint further alleges that on petition of the county treasurer of Cook county, setting forth that the taxes covering said premises were in arrears, Baird & Warner, Inc. was appointed receiver and thereafter took possession and is now in control and management of said premises as such receiver; that the taxes due and owing amounted to upwards of $15,000, which, together with interest and penalties thereon, amounted to approximately $21,696.23.

The complaint further alleges that by reason of the default in the payment of the said interest coupons, as aforesaid, a receiver having been appointed for said Senate Apartment Building Corporation, as aforesaid; that by reason of all the bonds secured by said trust deed having been matured and past due and unpaid; that plaintiffs herein have elected to and do hereby elect to declare immediately due and payable, all of the bonds unpaid, outstanding and secured by said trust deed.

The complaint further alleges that there is now due and owing to plaintiffs herein and to other owner or owners, holder or holders of all the other outstanding bonds and interest coupons, the principal sum of $140,000.

No briefs were filed on behalf of Baird & Warner, Inc., in this court and the trustee's principal contention appears to be that the notice given by the plaintiffs was not sufficient to apprise said trustee as to what action was expected of it. We think this contention is hypercritical. Article III, sec. 4 of the trust deed, which is made a part of the bill of complaint, reads as follows: ". . . and on the written request of the holder of any one or more of the then outstanding bonds and upon being indemnified to its satisfaction, shall, in case of such default, either (a) cause this Indenture to be foreclosed and the mortgaged property or any part thereof, to be sold or (b) proceed to protect and enforce the rights of the Trustee and the bondholders hereunder by appropriate proceedings at law or in equity. . . ." Tender of indemnity in their letter was sufficient compliance with the provision therefor as set forth in the trust deed. One has but to read the portions of the trust deed submitted to us and the demand of plaintiffs to the trustee, to understand that the plaintiffs by their notice, and demand letter of November 13, 1936, fully informed the trustee that they were serving notice and demand in accordance with the terms of the trust deed.

As was said in the case of *Gage v. People,* 223 Ill. 410: "This court has held, in construing notices in chancery proceedings and other instances where notices were required, that the real question is and should be, not whether the notice is formally and technically correct, but whether the object and intent of the law were substantially attained thereby."

It must be assumed that the trustee in this case occupied a fiduciary relationship with the bondholders and it was the trustee's duty to protect the interests of said bondholders. When this is not done by the trustee and the matter is called to the attention of a court, in a proper case, it is the duty of the court to see that the *cestuis que trustent's* interest is preserved and that the trustee performs its duty. Most of the bonds have been in default for seven years. We do not say that because the default has extended over that period of time and no action taken by the trustee, it is prima facie evidence of neglect on the part of the trustee, but it does create a status which calls for an answer and explanation on the part of the trustee. *People v. Bordeaux,* 242 Ill. 327.

The property has been conveyed and reconveyed until now the defendant Baird & Warner, Inc. is in possession of the property which, as the bill alleges, was conveyed since the defaults herein mentioned occurred.

We are of the opinion that the plaintiffs alleged sufficient in their bill to withstand the motion which was made to strike the complaint and the court erred in dismissing plaintiffs' complaint.

For the reasons herein given the order is reversed and the cause is remanded with directions to overrule the motion to dismiss plaintiffs' complaint and to proceed with said cause in accordance with the views herein expressed.

*Order reversed and cause remanded with directions.*

HEBEL, P. J., and HALL, J., concur.