SAMUEL MURRAY *et al.*, Plaintiffs in Error, *v.* FRANCIS WHIT-
TAKER *et al.*, Defendants in Error.

### ERROR TO MORGAN.

Where a case is brought from the Circuit to the Supreme Court, and remanded,
the defendant in the Circuit Court is presumed to know that the case is returned
and docketed without notice of the fact.
Either party may procure the record from the Supreme Court, and have the case
placed on the docket of the Circuit Court for further proceedings; and the oppo-
site party will after that be governed by the action of the Circuit Court.
While it might be a better practice for the Circuit Courts to cause notice of the
filing of the record in such cases to be given, yet it is not in the power of the
Supreme Court to make a rule in that regard.

THE opinion of the court embodies a statement of the case.
The proceedings complained of were had before WOODSON, Judge.

M. McCONNEL, for Plaintiffs in Error.

D. A. SMITH, for Defendants in Error.

SKINNER, J.   The record of this case shows that the cause
had been remanded on reversal of a former judgment, by this
court to the Circuit Court of Morgan county, for trial *de novo*,
and that at a term of said court prior to the October term, 1854,
the cause was docketed and continued to the next term.   At the
next term, judgment by default for want of a plea, was rendered
against defendants below, and the plaintiffs recovered judgment
for their debt and damages.

At the same term the defendants appeared, and on their motion
this judgment was set aside.   The defendants then pleaded to
the action, and moved for a continuance upon affidavit, setting
forth defence to the action, and inability to make such defence
on account of the absence of a material witness; and alleging
as excuse for not having obtained the attendance of such witness,
that neither the defendants nor their attorney had had any notice
or knowledge that the cause had been docketed for trial in the
Circuit Court until that term.

The court overruled the motion.   The cause was tried and
judgment rendered against the defendants below; and they here
assign the refusal to continue the cause for error.

The defendants below had notice of the pendency of the cause
in this court, and were bound to know that the same was
remanded for further proceedings in the Circuit Court.   Either
party could have procured the record of this court, and, upon
motion in the Circuit Court, have had the same filed, and the

cause docketed in that court for further proceedings; and, in such case, the opposite party would be bound by the action of the Circuit Court in the cause without further notice.

There is no statutory regulation requiring notice to the opposite party, upon the filing of the record of this court in the Circuit Court for further proceedings, and this court has no power to make rules of practice for the Circuit Courts.

The better rule of practice for the Circuit Courts would seem, from analogy, to be to require the record, upon motion in open court, to be filed, and the cause to be docketed, and to stand continued for trial at the next term, unless the party filing the record shall prove notice in writing to the opposite party, served ten days before the term at which the record is so filed, of his intention to file such record and demand a trial, or further proceedings at such term.

*Judgment affirmed.*