HAMILTON SHIRK *et al.*

*v.*

METROPOLIS AND NEW COLUMBIA GRAVEL ROAD COMPANY.

*Filed at Mt. Vernon September 27, 1884.*

1. LIEN—*of judgment—not affected by an appeal.* An appeal from a judgment of the circuit court to the Supreme Court does not affect the lien of the judgment, or its capacity to become a lien on real estate acquired by the judgment debtor pending the appeal.

2. EXECUTION—*pending an appeal, not void, but voidable.* The issuing of an execution on a judgment of the circuit court pending an appeal from the same, is irregular, but the execution is not void; and a sale of land under such execution is subject to be set aside on motion by the defendant, made in proper time, but by no one else; and if not so set aside, the sale will pass the defendant's title to the land.

3. SAME—*who may have sale under, set aside.* No one but the defendant in an execution can question a sale of his land under the same, for an irregularity. If he fails to have the same set aside, and acquiesces in the sale, no one acquiring a title from or through him can question the validity of the sale, especially in a collateral proceeding.

APPEAL from the Circuit Court of Massac county; the Hon. DAVID J. BAKER, Judge, presiding.

This was an action of ejectment, brought by the Metropolis and New Columbia Gravel Road Company, against Hamilton Shirk and Albert P. Oakes, for the north half of block 120, in the city of Metropolis, in Massac county.

The following is a brief statement of the facts of the case, upon which it seems there was no dispute: The plaintiff below, to show title in itself, gave in evidence a judgment of the circuit court of Massac county, in favor of McGlanery & Co., against Charles McBean, for $75.50, recovered on May 1, 1875. McBean appealed from this judgment to the Supreme Court, the appeal being perfected May 21, 1875. On the 3d day of January, 1878, while said appeal was pending, McGlanery & Co. sued out an execution on their said judgment, which was, on February 27, 1878, levied on the real estate in question, and a large quantity of other real estate. This was an *alias* execution, but it was admitted that the first execution was not issued within a year from the rendition of the judgment. On April 13, 1878, the sheriff sold the property involved herein, to one James A. Williams, one of the plaintiffs in the judgment, for $165.45, which satisfied the execution, except as to $1.75. On May 4, 1881, Williams assigned his certificate of purchase to the appellee, to which the sheriff made a deed for said real estate May 5, 1881. On October 27, 1881, the appellee brought this action, and afterwards, on November 3, 1881, McGlanery & Co. entered their motion in the Supreme Court to dismiss McBean's appeal, and to award damages, which motion was granted, and the appeal dismissed. The appellee also claimed under an execution sale made on a judgment rendered in the United States Circuit Court for the Southern District of Illinois, in favor of Alter, Winston & Co., and against Richard A. Peters, John N. Allen and the said Charles McBean. This judgment was rendered June 7, 1876, for the sum of $580.93. On December 4, 1876, an *alias* execution was issued on this judgment, upon which the real estate in question and other lands were levied upon, and on October 27, 1877, the same property was sold by the marshal to Alter, Winston & Co., who, on July 5, 1878, assigned their certificate of purchase to Elijah P. Curtis, to whom a deed was made by the marshal

on February 7, 1879. On June 18, 1879, Curtis conveyed the land to appellee and to William R. Brown, Hiram Quante, August Quante and James A. Williams, and on September 2, 1879, Brown, Williams and the Quantes conveyed to the appellee. This was the whole of appellee's evidence, except that relating to its incorporation.

From the appellant's evidence it appeared that on July 9, 1877, Jaques Brothers & Co. recovered a judgment against the said Charles McBean, in the county court of Massac county, for $309.75, upon which judgment execution was issued July 12, 1877, which was levied on block 120 and other real estate. On September 1, 1877, the property was sold by the sheriff to Jaques Brothers & Co. for $334.22, to whom the sheriff, on December 2, 1878, made a deed. On January 11, 1879, Jaques Brothers & Co. conveyed to John F. McCartney, and on the same day the latter, by warranty deed, conveyed to appellant Shirk, and Joshua N. Fincher, and on October 13, 1880, Fincher conveyed to Sarah A. Oakes, wife of appellant Albert P. Oakes.

Upon this evidence the circuit court found the issues for the plaintiff below, and rendered judgment in its favor for the recovery of the premises in fee, from which judgment the defendants below appealed to this court. The only question presented is whether these facts showed title in the appellee.

Mr. JOHN M. LANSDEN, for the appellants:

The execution in favor of McGlanery & Co. was void, as the appeal suspended all further proceedings under the judgment. Practice act, sec. 82; *Ambrose* v. *Weed,* 11 Ill. 488; *Haynes* v. *Haynes,* 68 id. 203; Freeman on Executions, secs. 25, 32, 33.

The appeal or case was pending in the Supreme Court when the appeal bond was filed and approved. *Owens* v. *McKethe,* 5 Gilm. 79; *Simpson* v. *Alexander,* id. 260; *Blackerby* v. *People,* id. 266; *Reynolds* v. *Perry,* 11 Ill. 534.

Whether an officer can or can not justify under a writ, is no test whether the writ· is void or not. Void process is a shield—not a sword; he can defend under it, but he can not build up a title on it. *Tuttle* v. *Wilson,* 24 Ill. 553; *Jackson* v. *Hopson,* 4 Scam. 411; *Barnes* v. *Barber,* 1 Gilm. 401; *Parker* v. *Smith,* id. 411; *McDonald* v. *Wilkie,* 13 Ill. 22; *Tift* v. *Ashbaugh,* id. 602; *Davis* v. *Wilson,* 65 id. 525; *Leadman* v. *Dougherty,* 81 id. 324; *Ressler* v. *Peats,* 86 id. 275.

If the view taken by appellee is correct, then McBean was deprived of his land without due process of law.

Messrs. GREEN & GILBERT, for the appellee:

An execution must issue within one year, to preserve the judgment, unless "restrained by appeal." Rev. Stat. 1874, chap. 77, sec. 2.

An appeal does not vacate the lien of the judgment. *Curtis* v. *Root,* 28 Ill. 367; Freeman on Judgments, sec. 382, p. 329.

Even though an appeal is successful, and the judgment be reversed, the purchaser under the judgment from which the appeal is taken acquires a good title. *McLagan* v. *Brown,* 11 Ill. 519; *Whitman* v. *Foster,* 74 id. 147; *Fergus* v. *Woodworth,* 44 id. 374; *Feaster* v. *Fleming,* 56 id. 457; *Hobson* v. *Ewan,* 62 id. 146; *Guiteau* v. *Wisely,* 47 id. 433.

It is claimed that the McGlanery & Co. execution was void because it was issued pending the stay by appeal, and one year after the date of the judgment. When the first execution is not issued until after the expiration of a year, it is not void, but only voidable. If the defendant takes no steps to have it quashed, or the sale set aside, the sale is good. *Hernandez* v. *Drake,* 81 Ill. 34.

A sheriff's deed upon a sale under a special execution issued more than a year after the date of the judgment upon which it was issued, and which execution is not set aside, conveys good title to the grantee. *Morgan* v. *Evans,* 72 Ill. 585.

A voidable judgment can only be attacked in a direct proceeding, and by a party to the judgment. *Martin* v. *Judd,* 60 Ill. 78.

Where an execution issues prior to the expiration of a stay, or on a dormant judgment, while irregular, none but the parties can take advantage of it. Hermann on Executions, 80.

A sale upon an execution, after a judge's order staying proceedings, is not a nullity,—it is only voidable, and can not be set aside in a collateral proceeding. *Swiggart* v. *Harber,* 4 Scam. 364.

The correct doctrine, and that which is well established by authorities, is, that the defendant in the *fieri facias* having submitted to it, a stranger to the record can not now avail himself of the irregularity of the writ in a collateral proceeding. *Swiggart* v. *Harber,* 4 Scam. 364; Peters' Digest, 269; 5 Johns. 100.

Per Curiam: This case, in its facts, is almost identical with that of *Oakes* v. *Williams,* 107 Ill. 154, both involving precisely the same questions. In the case referred to it was held that an appeal from a judgment of the circuit court to the Supreme Court does not affect the lien of the judgment, or its capacity to become a lien on real estate acquired pending the appeal, but that its only effect is to stay further proceedings until the appeal is disposed of; that the issue of an execution on a judgment pending an appeal is irregular, but that it is not void, and that a sale of land under such an execution is subject to be set aside, on motion made in proper time, by the defendant whose land has been sold, and that no one but the defendant in the execution can question the sale for irregularity, however gross, especially in a collateral proceeding. In this case, as in the one above referred to, there was a valid judgment, and the execution issued thereon was fair on its face, and such as would protect an officer in its execution. Its issue pending the appeal is, at most, but an

irregularity, of which the defendant in the writ could have taken advantage by motion in the court from which it emanated. He having failed to question the regularity of the proceeding, acquiesced in the sale of his land, and no one else can question the validity of the same. The case cited is conclusive of this in every point it presents, and no error being perceived in the record, the judgment of the circuit court will be affirmed.

<em>Judgment affirmed.</em>