Esther E. Taylor v. Thomas B. Brougham, Trustee, John Guerin and City of Chicago.

$$\begin{array}{cc} 63 & 283 \\ 108 & 277 \end{array}$$

1. NOTICE —*Of Redocketing Suits.*—Under section 84, chapter 110, R. S., entitled " Practice," ten days notice must be given to the adverse party or his attorney of redocketing a suit reversed and remanded from the Supreme or Appellate Courts.

Foreclosure Proceedings.—Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed March 31, 1896.

PEASE & McEWEN, attorneys for plaintiff in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is a writ of error to the Superior Court of Cook County complaining of a decree of foreclosure of a trust deed, securing the payment of certain notes, entered in said court on June 26, 1895, and is the second time the case has been before this court.

The case below was a bill in chancery filed March 19, 1894, by Thomas B. Brougham, trustee, against plaintiff in error and others, to foreclose a mortgage, alleging that the interest and principal of the notes were due and unpaid; that the mortgage provided that in case of default in such payment the owner of the notes should have the right to foreclose, and be entitled to recover a solicitor's fee; and alleging that the complainant had elected to foreclose and that the bill was brought by said Brougham for such purpose. Default was taken against the plaintiff in error, Esther E. Taylor, some days before the expiration of the rule for her to plead or answer.

A decree of foreclosure was entered November 22, 1894, from which decree Esther E. Taylor prayed an appeal to the Appellate Court. Appellees in such appeal came into court on May 29, 1895, and confessed errors and moved the court to reverse and remand the cause, which was accordingly done.

On the 10th day of June, A. D. 1895, a certified copy of the order of this court, reversing and remanding said cause, was filed with the clerk of the Superior Court, and on the same date the Superior Court entered an order containing the following language: " On filing a mandate from the Appellate Court, and on motion of the complainant's solicitors, it is ordered that this cause be and the same is hereby redocketed and reinstated in this court," and also ordered a reference of the cause.

Only two days notice of the order, redocketing the cause, or of the filing of the mandate, was given.

The Superior Court erred in entering said order redocketing the cause on only two days notice, when the law requires ten days notice. Neither the plaintiff in error, Esther E. Taylor, nor her solicitors appeared in said cause thereafter. Evidence was taken before master in chancery Stein, a report made and a decree entered June 26, 1895.

Section 84 of the practice act is as follows :

" When any cause or proceeding, either at law or in chancery, is remanded by the Supreme Court or Appellate Court, as the case may be, for a new trial or hearing by the court in which such cause was originally tried, the Supreme Court or Appellate Court, as the case may be, shall issue its mandate reversing and remanding such cause directed to such trial court, and upon a transcript of the order of the Supreme Court or Appellate Court, as the case may be, remanding the same, being filed in the court in which said cause was originally tried, and not less than ten days notice thereof being given to the adverse party or his attorney, the cause or proceeding shall be reinstated therein. In case of non-resident parties, or parties who can not be found, so that personal notice can not be served upon them, the notice may be given as in cases in chancery, or as may be directed by the court." 3 Starr & Curtis, 979, Chap. 110, Par. 84.

The statute has been construed in Austin v. Dufour, 110 Ill. 84, and Miller v. Glass, 10 Ill. App. 180. Ten days notice is indispensable.

The decree of the Superior Court is reversed and the cause remanded.