## E. R. McIntyer v. Maurice M. Houseman.

1. PRACTICE—*Insufficient Notice to Reinstate a Cause.*—A notice to an adverse party of an intention to reinstate a cause, served by leaving a copy of the same at the defendant's last known offices, when he had left Chicago, Illinois, and that on due inquiry affiant could not ascertain his place of residence, is not in compliance with the statute and is not sufficient to authorize the reinstatement of the cause in the trial court.

2. SAME—*Court May Set Aside a Void Judgment.*—A court may, at a subsequent term, set aside a void judgment, or one which the court had no jurisdiction to render.

Error to the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed June 13, 1903.

JAMES HARVEY HOOPER, attorney for plaintiff in error.

JAMES S. HANDY, attorney for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This case, originally brought before a justice of the peace, was tried in the Circuit Court on appeal from the justice, and judgment rendered for the defendant in error.

An appeal from that judgment resulted in a reversal. Plaintiff's attorney filed in the Circuit Court November 20, 1901, the mandate of the Appellate Court reversing and remanding the cause, and on motion the case was redocketed and placed on a trial calendar. December 10th following, the suit was called for trial, and the defendant not appearing, the appeal was dismissed with statutory costs and *procedendo*.

It appears from a supplemental record that the mandate from the Appellate Court was filed without notice to defendant in error, such as is required by statute. Chap. 110, Sec. 84, R. S., provides for reinstating a cause in the court where it was originally tried, upon filing the mandate of the reviewing court, after not less than ten days' notice to the adverse party or his attorney. In case of a non-resident party, or parties who can not be found, so that personal notice can not be served, the notice may be given as in cases in chancery, or as may be directed by the court.

In the present case it appears from the notice that it was served " by leaving a copy of the same at the defendant's " last known offices; that said defendant " had left Chicago, Illinois, and that on due inquiry affiant could not ascertain the place of residence of said Houseman." This notice was not in compliance with the statute and was not sufficient to authorize the reinstatement of the cause in the trial court. That court had therefore no jurisdiction and no authority to enter the judgment of December 10th before referred to. Miller v. Glass, 14 Ill. App. 177–180; Taylor v. Brougham, 63 Ill. App. 283.

This fact appearing to the Circuit Court, upon a motion made by defendant's attorney an order was entered at a subsequent term—January 25, 1902—setting aside the order of dismissal and judgment entered December 10, 1901, and the cause was replaced upon the trial calendar. This order was proper. It is undoubtedly true, as a general proposition, that the court has no power to set aside its judgments after the expiration of the term at which they were rendered. But the court may, at a subsequent

term, set aside a void judgment, or one which the court had no jurisdiction to render. Keeler v. The People, 160 Ill. 179–182. It does not appear affirmatively that plaintiff's attorney was present or had notice of the proceedings of January 25, 1902, nor does it appear that he was not so present. In the absence of any showing to the contrary, it must be presumed that the order of that date was regularly entered, and that the court had jurisdiction at that time of the subject-matter and the parties.

Subsequently—June 19, 1902—the cause was regularly called for trial and the suit was dismissed for want of prosecution, no one appearing in behalf of the plaintiff. Upon the record as it stands this final order and judgment was properly entered. It must therefore be affirmed.