## Agostino G. Boggiano v. Chicago Macaroni Manufacturing Company.

### Gen. No. 11,505.

1. REINSTATEMENT—*when ten days' notice of motion for, not essential.* Where the Supreme Court remands a cause with directions, nothing remains to be done by the trial court but to obey such mandate, and the statute requiring ten days' notice of a motion to reinstate, does not apply.

Bill in chancery. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed February 10, 1905.

THATCHER, GRIFFEN & WRIGHT, for appellant.

PEDRICK & DAWSON, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a decree entered in the cause after it had been remanded by the Supreme Court.

It is contended that the Superior Court had not acquired jurisdiction when it entered the decree now complained of, because the remanding order was filed one day, and the decree entered the day following upon only one day's previous notice, instead of ten days as provided in the Practice Act (R. S., sec. 84, chap. 110). That provision of the statute is applicable by its terms " when any cause or proceeding either at law or chancery is remanded by the Supreme Court or Appellate Court, as the case may be, for a new trial or hearing by the court in which such case was originally tried." In such case upon the remanding order being filed, and not less than ten days' notice thereof given to the adverse party, the cause will be reinstated. In the present case the cause was remanded to the Superior Court of Cook County, " with directions to enter a decree awarding recovery in favor of the corporation against the defendant in error in the sum of seven hundred and fifty-four dollars and sixty-one cents." In all other respects the decree was

affirmed. It is evident that nothing remained for the Superior Court to do, except to obey the remanding order. It had no discretion to do otherwise. The cause was not therefore remanded "for a new trial or hearing by the court." Hence the provision of the statute above referred to is not by its terms applicable. That section of the Practice Act was amended as it now stands by an amendment in force July 1, 1885; prior to that amendment it required ten days' notice whenever a cause was remanded. See Miller v. Glass, 14 Ill. App. 177–180. Such provision no longer exists. It appears that appellant was present in the Superior Court by his counsel when July 18, 1903, the decree now complained of was entered, and had notice of the proceedings.

The decree is for six cents more than the mandate of the Supreme Court directed. This may well be, as appellee's counsel suggest, a mere clerical mistake, which as such if it be deemed important, the court below doubtless has power to correct. At all events, *de minimis non curat lex.*

The decree of the Superior Court is affirmed.

*Affirmed.*