THE PEOPLE *ex rel.* Edward G. Zilm, County Collector, Appellee, *vs.* ALIDA M. CONWAY, Appellant.

*Opinion filed December 17, 1913.*

1. SPECIAL ASSESSMENTS—*a finding by court that improvement has not been completed is binding.* A finding by the county court, on the final hearing, that the improvement has not been completed in conformity with the ordinance and ordering certain things to be done is a final adjudication of the question, which is binding upon the city and the property owner and is a bar to an application for judgment on any installment of the assessment until the county court finds, in a supplemental application properly made, that the things it ordered to be done to complete the improvement have been done.

2. SAME—*statutory notice of re-instatement of a case must be given before any step can be taken.* Where a judgment for the first installment of a special assessment is reversed by the Supreme Court upon the ground that the county court had no power to permit the contractor to give a bond to perform the things which the court had directed to be done in order to make the improvement comply with the ordinance, no step can be taken in the case until the cause has been re-instated in pursuance of the statutory notice to the objecting property owner, and the latter may show, in bar of a subsequent application for judgment, that no notice of such re-instatement was given and that the things directed to be done to complete the improvement have not been done.

APPEAL from the County Court of LaSalle county; the Hon. A. T. LARDIN, Judge, presiding.

JAMES J. CONWAY, for appellant.

RECTOR C. HITT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A special assessment against property of appellant for paving streets in Ottawa was confirmed by the county court. The board of local improvements filed in the court a certificate of the completion and acceptance of the improve-. ment, and there was a hearing of objections thereto in accordance with section 84 of the Local Improvement act. There were objections by the appellant and others, and the court found that the facts stated in the certificate were not true and that certain specified things must be done to complete the improvement. The court ordered a certain part of the curb-stone to be re-faced, re-lined and re-set; the brick in the gutter on the street near appellant's property to be re-laid at the established grade; the gutter on another street to be re-laid; asphalt filler on a part of the street to be replaced, and other specified things to be done. The changes required by the court were not made but the contractor gave a bond to perform the work. Upon an application for judgment for the first installment of the assessment the appellant filed objections, which were stricken from the files by the court and a judgment was rendered against her property, from which she appealed to this court. We decided that upon the certificate being filed it was the duty of the court to find that the improvement did or did not conform to the requirements of the ordinance; that the court had jurisdiction to require the changes to be made and the additional work to be done, and that the board of local improvements might file additional or supplemental petitions until the court should be satisfied that the improvement had been made in substantial accordance with the ordinance. The judgment was reversed, however, because the changes ordered by the court were not made but a bond was accepted in the place of performance. It was held that the statute provided not for security but for the actual per-

formance of the work, and that appellant had a right to have her objections heard and not stricken from the files. (*People* v. *Conway*, 253 Ill. 140.)   On September 28, 1912, the remanding order of this court was filed in the county court but no notice was given to appellant of the intended re-instatement of the cause as required by section 113 of the Practice act, and on the same day the board of local improvements filed another certificate of the completion and acceptance of the work.   October 22, 1912, was set for a hearing on the certificate, and notices of such hearing were posted and published.   No one appearing at the hearing, an order was entered by default, finding, in general terms, that the improvement conformed substantially to the requirements of the ordinance but without any finding that the changes required by the court had been made.   On May 1, 1913, a second application for judgment against the property of appellant was filed, asking for judgment for the first, second and third installments of the assessment, and interest.   Appellant filed objections, which were heard on June 24, 1913, and on the hearing the former application for judgment was dismissed on motion of the city.   Appellant offered to prove by the witnesses then produced that the changes required by the court on the first hearing had not been made and that the board had not inspected the work, and she showed that she had no notice of the re-instatement in the county court of the former case.

It was considered on the appeal from the judgment for the first installment that the finding of the court that the improvement had not been made in compliance with the ordinance and ordering certain specific changes to make the improvement comply with the ordinance was a final and binding adjudication upon the city and the appellant, not subject to review.   It was held that there could be no judgment against appellant's property until the work directed had been completed.   The question committed to the

county court had been settled by an adjudication that was valid and binding upon the city and the appellant, and the reason for reversing the judgment was that the appellant was not required to accept security that the work should be done. The adjudication would be binding on any application for judgment for the first or any installment, and the dismissal of the first application on the hearing of the second one did not set aside or in any manner affect the finality of the finding and order of the county court concerning the completion of the improvement. When the remanding order was filed in the county court the appellant was entitled to ten days' notice that the cause was to be re-instated, but no notice was given, and on the same day another certificate was filed, which, according to the abstract, did not show that the changes ordered by the court had been made but merely certified that the work was properly done and accepted by the board. Under the decision of this court the only thing left for the county court to determine on a supplemental application of the board of local improvements was whether the changes ordered by the court had been made. No step could be taken in the cause remanded from this court until it should be re-instated in pursuance of a statutory notice, and it had never been so re-instated when the order dismissing it was entered. It was the right of appellant, on any application for judgment against her property, to show these facts, and to prove, if she could, that the changes ordered by the court, which it had been decided must be made before judgment could be rendered against her property, had not been made, and that there had been no finding of the court, on a proper application, that the order of the court had been complied with.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*