## Nellie Carlin, Administratrix, Appellee, v. Grand Trunk Western Railway Company, Appellant.

### Gen. No. 19,985.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 19, 1914.

### Statement of the Case.

Action by Nellie Carlin, administratrix of the estate of Hans P. Schmidt, deceased, against Grand Trunk Western Railway Company to recover damages for wrongfully causing the death of plaintiff's intestate.

On October 12, 1907, appellee recovered a judgment against appellant in the Circuit Court of Cook county in an action on the case for wrongfully causing the death of Hans P. Schmidt. On December 22, 1909, this judgment was reversed and remanded by the Supreme Court (see 243 Ill. 64), and on July 20, 1911, the mandate of the Supreme Court was filed in the Circuit Court. On the next day an order was entered by the Circuit Court, on the petition of the attorney for appellee, and apparently without notice to appellant, that the cause "be reinstated and redocketed." No appearance was entered by appellant after the filing of such mandate, and no notice that the mandate had been filed or that the cause had been redocketed was ever served on appellant. On February 19, 1913, the case came on for trial and was tried in appellant's absence and a verdict and judgment were rendered in favor of appellee for $1,975. To reverse the judgment, defendant appeals.

KRETZINGER & KRETZINGER, and L. L. SMITH, for appellant.

ROY D. KEEHN, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. **APPEAL AND ERROR, § 1826**—*jurisdiction of trial court after remandment by Supreme Court.* Where a cause is remanded by the Supreme Court to the Circuit Court, the latter court obtains jurisdiction of the subject-matter on the filing of the transcript but does not obtain jurisdiction of the person of the appellant until the statutory ten days' notice is given as required by section 113 of the Practice Act, J. & A. ¶ 8650.

2. **APPEAL AND ERROR, § 1827**—*effect of failure to give statutory notice after remandment.* Where the Circuit Court after remandment of a cause to it by the Supreme Court reinstates the cause without the statutory ten days' notice being given to appellant as required by section 113 of the Practice Act, J. & A. ¶ 8650 and proceeds with the trial to judgment against the appellant without any appearance by him, the judgment will be reversed for want of the trial court's jurisdiction of appellant, but will not be reversed without remandment where the transcript of the order remanding the cause was filed within two years from the time of the making of the order.

---

## Frank J. Wende, Appellee, v. Michael Zimmer, Sheriff, et al., Eli S. Warner, Appellant.

### Gen. No. 20,714.   (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed November 19, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.