(No. 29535.

HERMAN S. STRAUSS, Trustee, (The Trust Company of Chicago, Successor Trustee, Appellee,) *vs.* PHILIP A. DANIELSON, Appellant.

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

WILHARTZ & HIRSCH, (SAMUEL E. HIRSCH, JULIAN H. LEVI, and WILLIAM RUGER, of counsel, all of Chicago,) for appellant.

RICHARD M. WEINBERGER, of Chicago, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

Herman S. Strauss, as trustee, brought suit in the superior court of Cook county against the appellant, Philip

A. Danielson, on a written guaranty dated March 15, 1927. The complaint was at law but, because of equitable defenses interposed by the appellant, the cause was tried before a chancellor who, on the original trial, dismissed the suit for want of equity. On appeal to the Appellate Court the decree was reversed in part and affirmed in part and the cause remanded with directions. On the retrial of the cause a decree was entered in favor of appellee for the sum of $4726.16. On the second appeal to the Appellate Court the decree was again reversed and the cause remanded with directions to enter a decree in favor of the appellee for $11,493.11, together with interest thereon at the rate of five per cent per annum from April 30, 1935, to the date of the decree. Petition for leave to appeal to this court was granted.

The guaranty which is the basis for this suit was signed by the appellant, Philip A. Danielson, on March 15, 1927. By the terms of the instrument he guaranteed the payment of a bond issue of $430,000, the payment of which was secured by a trust deed on the Homestead Hotel, located in Evanston, and by a chattel mortgage on the furnishings of the hotel.

In a proceeding to foreclose, a decree was entered in January, 1932, which recited that the bond issue consisted of 730 bonds, aggregating the face value of $430,000; that bonds in the principal amount of $32,500 were paid at maturity and that the balance of the bonds, amounting to $397,500, were those for payment of which the trust deed was foreclosed. On the hearing, it was found that said bonds were due and unpaid, the principal of which, together with accrued interest, amounted to the aggregate sum of $414,631.52, and in addition thereto there were foreclosure fees and expenses. The property was sold at master's sale to a nominee of the bondholders' protective committee for the sum of $50,000. The master found in his report of sale that the total amount due, with interest

accrued from the date of decree to date of sale, was $440,428.47; that there was available for distribution $47,129.35, leaving a deficiency of $393,299.12, for which a deficiency decree was entered.

The guaranty signed by appellant was an unconditional one and was made contemporaneously with the making of the original trust deed. It guaranteed payment to the trustee and to the "holder or holders from time to time of those certain permanent definitive coupon bonds" * * * "for the benefit of the holder, or holders, from time to time of said certain coupon bonds and of the coupons thereto attached." The guaranty further provided that it should be independent of, and in addition to, the rights and remedies of the trustee and the bondholders. The undertaking was an original one and not conditioned on the failure of the mortgagor to pay. The guaranty also provided that all rights of action thereunder might be enforced by the trustee on behalf of any bondholders without the production of the bonds or coupons and without said trustee owning or holding any of the bonds. After the guaranty was executed, it was suggested that a copy be endorsed on the face of the permanent bonds so as to make them saleable to the public, which was accordingly done.

A plan for the reorganization of the Homestead Building Corporation and for a liquidating trust to operate and liquidate the property was formed. About 95 per cent of the bondholders deposited their bonds and agreed to the plan, and it was approved by a decree of the court in the foreclosure proceeding.

On the second trial in the present proceeding the chancellor held that no allowance could be made unless the bonds were produced. His decree for $4726.16 was based upon $3500 plus interest, the amount due on nondeposited bonds which were produced. In the opinion of the Appellate Court which we are now considering, that decree was

reversed for failure to enter a decree for the full amount due on all the nondeposited bonds, the face value of which was stated to be $12,800. It was held that the guaranty expressly provides that the bonds need not be produced.

In the first opinion of the Appellate Court, 323 Ill. App. 254, it was held, and we think properly, that under the sweeping provisions of the guaranty under consideration, the nondepositing bondholders were entitled to participate in the decree. The language of the guaranty, which, in unmistakable terms, guaranteed the payment of the mortgage bonds aggregating $430,000, further provided that all rights of action under the guaranty may be enforced by the trustee on behalf of the bondholders without the production of the bonds or coupons on any trial relative thereto, and that all suits or proceedings should be brought in the name of the trustee as such trustee.

It is vigorously argued by appellant that the action of the Appellate Court is wrong because there was no competent proof of the actual existence of certain bondholders and bonds, and of the indebtedness; and that in the absence of such proof, a decree could only be entered for the bonds which were proved to constitute an existing indebtedness. It is suggested by counsel that by reason of lapse of time and failure to produce, it must be presumed that no other nondeposited bonds are now in existence, other than those produced at the hearing in the superior court. However, Herman S. Strauss, the trustee, testified that there were $12,800 in face amount of nondeposited bonds; that he made distribution of the proceeds of sale and operation to nondepositing bondholders; that it was made to all of them except the holders of two $100 bonds which had not yet been presented for distribution, making a total of $12,600 in bonds receiving the distribution. He also stated that the first distribution was made in 1934, and the last in 1941, and that he never made any distribution without endorsing the

payment on the face of the bonds. In the face of this testimony, appellant's argument that the present decree will result in a large sum of money being held in perpetuity by a trustee because of presumed loss, destruction or abandonment by the owners of the bonds seems not to be well supported by the facts.

Appellant contends, further, that even if the theory of the Appellate Court is correct, the court should have excluded from the amount of the decree the following three items about which there is no controversy as to the facts.

(a) Bond M360 was shown by the evidence to have been paid and discharged and was not an existing indebtedness. The testimony shows that appellant paid the sum of $1142.60 for bond M360 the face value of which was $1000, to the owner, Dr. H. C. Goldfine, and that the same was discharged and appellant released from liability thereon. The court found in the decree that said bond was produced by appellant and that it had been fully paid. The amount of indebtedness was a question of fact, and, under the record thus made, we believe the Appellate Court should not have included this item in the amount of the decree directed.

(b) Referring to bond D527, which was loaned to appellee for the purpose of using the same as an exhibit at the hearing, we find nothing in the record which would bar recovery, and the Appellate Court properly included the amount due on this bond as a part of the indebtedness.

(c) In arriving at the amount of the decree, the Appellate Court included the $3500 in bonds upon which the decree for $4726.16 was entered by the trial court. This amount was paid to the clerk of the superior court and the decree satisfied of record. However, the amount paid was not intended as a *pro tanto* satisfaction of appellant's liability, but only as a complete satisfaction thereof. Appellee did not see fit to accept this payment but prosecuted

an appeal to the Appellate Court which resulted in a reversal of the decree. The decree of the trial court having been reversed, the payment above specified could have no effect upon the reviewing court in directing a proper decree on the complete record.

After the appeal to the Appellate Court had been perfected, the death of the trustee, Herman S. Strauss, was suggested, and on application to the superior court an order was entered appointing The Trust Company of Chicago as successor trustee. Later, the Appellate Court permitted the successor trustee to be substituted for Herman S. Strauss in that court. The appellant complains that the superior court lacked jurisdiction to make such appointment and that the Appellate Court erred in allowing the substitution. In the decree of the superior court it had reserved jurisdiction for certain purposes, including the power to advise and instruct the complainant trustee, and we do not feel that such appointment was inconsistent with such reservation of jurisdiction.

We are of the opinion that the judgment of the Appellate Court should be affirmed except as to the amount of $1142.60 paid by appellant in full satisfaction of bond M360, and its judgment, therefore, is affirmed in part and reversed in part, and the cause remanded to the Appellate Court for the purpose of correcting the amount of the decree directed to be entered in accordance with views expressed in this opinion.

*Affirmed in part and reversed in part*
*and remanded, with directions.*