Constance W. Nye, Appellant, v. Herbert Nye, Appellee.

Gen. No. 45,280.

Opinion filed November 1, 1950. Rehearing denied November 20, 1950. Released for publication November 20, 1950.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, for appellant; ALBERT E. JENNER, JR., and ROGER W. BARRETT, both of Chicago, of counsel.

FRED A. GARIEPY, ROBERT E. CANTWELL, JR., and LOUIS YAGER CANTWELL, all of Chicago, for appellee; JOHN SPALDING, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a divorce proceeding which has eventuated in a dispute over the custody of eight year old Diane Nye, the only child of the marriage. After the divorce was granted a decree was entered modifying the divorce decree with respect to the custody of the child. Plaintiff appealed from that modification decree and the appeal is pending in this court under docket No. 45279. After the notice of appeal was filed and the appeal bond approved and filed, the Chancellor entered an order in execution of the custody provision of the modification decree. Plaintiff has appealed from that order. The parties filed a stipulation in this court seeking an early decision of the appeal.

Plaintiff's divorce suit was filed November 15, 1948. The divorce decree, on the ground of desertion, was entered December 21, 1948. An agreement of the parties, embodied in the decree, settled alimony, etc., and the custody of the child. Under the decree each party, beginning with plaintiff, was to have custody of the child for alternate periods of one year, subject to stated visitation privileges in the other party. On February 25, 1949, the child was in the custody of plaintiff. At 2:30 a. m. that day the defendant, without court order or consent of plaintiff, took the child from plaintiff's custody and carried her away. March 8, 1949, plaintiff filed a petition seeking an immediate surrender of the child by the defendant and a rule to show cause against him. Defendant filed an answer and cross-petition alleging plaintiff's unfitness, seeking a modification of the original decretal provisions so as to give defendant sole right of custody. Plaintiff replied and answered making issue of defendant's allegations and attributed vengeful motives to defendant.

June 29, 1949, the court ordered the child surrendered to plaintiff. December 22, 1949, a hearing was had on the issues made under the petition and cross-petition. The Chancellor found the issues in favor of defendant, the mother unfit, and that the best interests of the child required sole custody in defendant. The divorce decree was modified accordingly. January 20th, plaintiff moved to vacate the modification decree. On April 20, 1950, the motion was denied. May 8th, plaintiff filed her notice of appeal. July 14th, an order was entered finding that the appeal bond approved and filed pursuant to the notice of appeal did not operate as a supersedeas. It ordered compliance with the custody provisions of the modification decree. This order is the subject of the instant appeal.

The question is whether the trial court lacked jurisdiction to enter the order of July 14, 1950.

13

Sec. 82 of the Civil Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 206; Jones Ill. Stats. Ann. 104.082] provides that if notice of appeal is served within twenty (20) days after the entry of the decree, etc., appealed from, and if bond is ''given and filed and approved'' within thirty (30) days after such entry of decree, etc., or within such further extended time allowed within such thirty (30) days or any extension thereof a notice of appeal shall, on the approval of the bond, operate as a supersedeas. Sec. 1 of the Act does not except proceedings in divorce from the provisions of the Act. June 16, 1950, plaintiff moved for approval of the appeal bond and the court ordered that the time for approval and filing of the appeal bond ''heretofore presented'' is hereby extended ''to and including Monday, June 26, 1950, and appellant's motion for approval of said bond is continued to 10:00 A. M. on said date.'' June 26, plaintiff renewed the motion for approval of the bond ''heretofore presented and continued from time to time'' and by agreement the motion for approval was continued until ''June 30, 1950 at 10 A. M.'' June 30th, an order OK'd by defendant's attorney was entered approving the bond. This order recited that the motion for approval had been made May 18, 1950 and continued from time to time. It is not denied that plaintiff's original motion for approval and the continuance thereof was timely. The defendant's contention is that plaintiff did not have all of June 30th for the approval and filing of the bond but that the extension within which to have that done expired at 10 a.m. on June 30.

We see no merit in this contention. The order contemplated approval of the Chancellor. Plaintiff did not control the Chancellor's time or call of motions on June 30. We think that ''10 A. M. on June 30'' in that order must reasonably be construed to be a relative time depending on the convenience of the Chancellor

14

and the press of business. The record does not show that the bond was approved or filed before 10 a. m. on June 30. In the absence, however, of a record showing an actual time of approval, we presume that the approval was in due accord with the previous orders on the motion to approve. Cases involving orders of extension ''to'' a particular day have no bearing. What we have said with respect to the approval of the bond applies also to its filing.

█ We shall assume that on May 18, 1950, when the Chancellor continued plaintiff's motion to fix the amount of the bond and the time for filing and approving it, that he thereby extended the time within which the bond could be filed and approved. This assumption is justified by the subsequent order of June 16, in which the Chancellor extended the time to June 26, and by the subsequent order continuing the motion for approval to June 30. We think that substantial justice and the liberal spirit of the Civil Practice Act require that we do not make a distinction between the motion to continue the motion for approval of the bond and a motion for an extension of time within which to file and approve the bond. This is especially true in view of the agreed orders of continuance and defendant's attorney's OK on the order approving the bond on June 30. This OK'd order recites that the motion on which the order was based was for fixing the amount, the time for filing, and for the approval of the bond.

We conclude that the giving, filing, and approval of the appeal bond was duly accomplished in accordance with Sec. 82 of the Civil Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 206; Jones Ill. Stats. Ann. 104.082].

█ Defendant's brief, in this court, does not oppose the contention of plaintiff that the Chancellor was without jurisdiction to enter the order of July 14, 1950, if plaintiff's appeal bond acted as a supersedeas precluding execution of the modification decree ap-

15

pealed from. The general rule is that when the notice of appeal is filed the jurisdiction of the trial court ceases and the jurisdiction of the Appellate Court attaches (*Cowdery v. Northern Trust Co.*, 321 Ill. App. 243) and that a supersedeas suspends the efficacy of the decree and stays further proceedings thereon until the disposition of the appeal by the reviewing court. *First Nat. Bank v. Road Dist. No. 8*, 389 Ill. 156, 159. The instant proceeding is no exception to this rule. *Nolan v. Nolan*, 257 Ill. App. 401. For the reasons given the Chancellor lacked jurisdiction to enter the order of July 14, 1950, and it is hereby reversed.

*Order reversed.*

BURKE, P. J., and LEWE, J., concur.