Benjamin Perry, Appellant, v. Elizabeth Perry, Individually and as Administratrix of Estate of Josephine Perry, Deceased et al., Appellees.

Gen. No. 45,884.

Opinion filed January 14, 1953. Released for publication January 30, 1953.

Benjamin Perry, *pro se,* and Otto W. Berg, both of Chicago, for appellant.

Horace A. Young, *pro se,* of Chicago for appellee; Charles O. Rundall, of Chicago, of counsel.

Mr. Justice Feinberg delivered the opinion of the court.

This appeal is by plaintiff from an order directing him to pay to petitioner, Horace A. Young, attorney's fees in the sum of $5,370.

Originally, plaintiff instituted this action against Elizabeth Perry, individually and as administratrix of the estate of Josephine Perry, deceased, et al., for an accounting. Upon a hearing a decree was entered, charging Elizabeth Perry, individually, with the attorney's fees in question. This court reversed the decree (343 Ill. App. 644) and adjudged that the attorney's fees referred to be charged against the trust estate instead of Elizabeth Perry, individually, and remanded the cause "with directions to proceed in a manner not inconsistent with the views expressed."

Upon the filing of the mandate in the circuit court, a decree was entered January 11, 1952, directing Elizabeth Perry, as trustee, to pay instanter to plaintiff the said sum "for his attorney's fees." These attorney's fees, it appears, were for the services rendered by Horace A. Young, petitioner, the value of which he had fully proven. It appears from the record

that Elizabeth Perry, as trustee, in obedience to said decree paid to plaintiff the amount in question, but plaintiff failed to pay petitioner, his attorney, the amount so received. Thereupon, petitioner filed his petition on February 7, 1952, and served notice upon plaintiff that he would present said petition and move for an order on plaintiff to pay over instanter the amount so received by plaintiff for said attorney's fees, and in addition thereto, the sum of $309.30, representing the balance of a retainer owing by plaintiff to petitioner and cash advanced for printing brief in the Appellate Court. Plaintiff, who is a member of the bar, given ample opportunity to oppose said petition, refused to respond to the notice, and the order appealed from was entered upon said sworn petition.

The order also contained the following with respect to the sum of $309.30:

"Plaintiff, Benjamin Perry, is hereby directed either to file his appearance as attorney *pro se,* or to secure the filing of the appearance of some other attorney as attorney for plaintiff, and as a condition precedent to either filing his appearance as attorney *pro se* or the filing of the appearance of some other attorney as attorney for plaintiff, to pay over to petitioner, Horace A. Young, the sum of $309.30."

██ This part of the order we regard as not a decree for $309.30. It is an amount to be paid by plaintiff conditional upon his filing his appearance. As we shall point out later, since plaintiff was at the time a party to the proceeding, it was unnecessary to require him to file his appearance. This part of the order may therefore be treated as surplusage. Plaintiff not having filed an appearance, the provision in the order with respect to the sum of $309.30 is ineffective.

Repeated efforts to compel plaintiff to show cause why he should not be held in contempt for failure to

comply with the order finally resulted in an attachment issued against plaintiff, whereupon he filed and prosecuted this appeal.

The only question raised by plaintiff upon this appeal is that the circuit court had no jurisdiction to proceed upon the petition filed by Young and to enter the order in question. His theory is that the decree having been entered on January 11, 1952, and the decree satisfied by the payment of said amount to plaintiff by Elizabeth Perry, trustee, it was an end to the proceeding, and that petitioner could not make plaintiff a party to the proceeding by the notice served.

██ We think there is no merit in plaintiff's position. Having instituted the proceeding as plaintiff, he remained a party to the proceeding for all purposes as long as the court retained any jurisdiction. *Vincent v. McElvain,* 304 Ill. 160, 163. The decree having been entered January 11, 1952, the filing of the petition on February 7, 1952, was within the term of the circuit court and while the circuit court had jurisdiction of the parties and the cause.

The amount in question paid to plaintiff by Elizabeth Perry, as trustee, was for plaintiff's attorney's fees, of which plaintiff, himself a lawyer, was well aware. Under all equitable considerations and in good conscience, plaintiff should not be permitted to withhold this money paid to him in this cause for the benefit of this petitioner.

A court of equity, being a court of conscience, under the circumstances disclosed in the instant case, should not be powerless to direct plaintiff to pay over the amount received by him in this action for the benefit of his attorney. Being within the term at which the decree of January 11, 1952, was entered, the order or decree appealed from could be regarded as a supplement to the decree so entered. A different question might arise

were this order directed against Elizabeth Perry instead of plaintiff. Elizabeth Perry is not here complaining, and her rights are not affected. Plaintiff is in no position to suggest that the decree having been satisfied, there was no further right of the court to proceed in the action.

We think that part of the order directing the payment of $5,370 to petitioner is fully justified, and it is affirmed.

*Affirmed.*

Lewe, P. J. and Kiley, J., concur.