Charles G. Lind, and Wallace Schwab, Plaintiffs, v. Harry Spannuth et al., Defendants.
Harry Spannuth, and Alvine P. Spannuth, Counterclaimants, Appellees, v. Charles G. Lind, and Wallace Schwab, Counterdefendants, Appellants.

Gen. No. 46,720.

First District, Third Division.

February 1, 1956.

Rehearing denied February 23, 1956.

Released for publication February 24, 1956.

G. A. Buresh, of Chicago, for appellants.

R. A. Bierdemann, of Chicago, for appellees.

JUDGE KILEY delivered the opinion of the court.

This is an action for rent based on defendants' counterclaim. Judgment was in favor of counterclaimants, Harry and Alvine Spannuth, for $2,133.33 and plaintiffs, counterdefendants, Lind and Schwab, appealed to the Supreme Court which transferred the case here.

The original action was by Lind and Schwab, as lessees, to cancel a lease of property in the village of River Forest, Illinois. The Spannuths, lessors, answered and filed a counterclaim for rent. Lind and Schwab answered the counterclaim and moved for summary judgment. The Spannuths moved to strike that motion, and subsequently filed an affidavit of defense to the motion for summary judgment. The trial court considered the various pleadings, heard arguments, took judicial notice of a zoning ordinance of

River Forest, found the lease was executed with intent by the parties to use the property in violation of the ordinance and ordered both the complaint and counterclaim dismissed for want of equity. The Spannuths appealed, Lind and Schwab did not. This court affirmed that part of the order dismissing the complaint, but that part of the order dismissing the counterclaim was "reversed and remanded for further proceedings not inconsistent herewith." 3 Ill.App.2d 112, opinion filed May 19, 1954. The mandate was filed September 20th and the hearing on the counterclaim set for September 28, 1954 "to determine the amount of rent accrued under the lease." On this latter date the court heard testimony, found the amount of the rent due and entered the judgment from which this appeal was taken.

The complaint and counterclaim were dismissed for want of equity on the ground that the lease was illegal. This was a decision on the merits of both the complaint and the counterclaim. The summary judgment fell with the complaint and need no longer be considered since there was no appeal by Lind and Schwab. The relevant question before this court in the prior appeal was the validity of the order dismissing the counterclaim. This court decided that the lease was not illegal since it did not violate the zoning law. The effect of this decision was to set aside the order of dismissal of the counterclaim. This court then considered the counterclaim and the answer thereto and found no issue of fact raised since the only defense was the violation of the zoning ordinance. But that defense had already been vitiated. This court therefore remanded "with directions to enter judgment for the amount of the rent. . . ." It is this judgment which Lind and Schwab attack as being beyond the jurisdiction of this court. The grounds urged in the Supreme Court were (a) want of constitutional due

444

process and (b) want of appellate jurisdiction. The first ground was eliminated by the transfer of the case to this court.

Lind and Schwab filed no petition for rehearing with respect to our previous opinion nor did they seek leave to appeal to the Supreme Court. But they argue that since the point is jurisdictional it may be made any time in any court. They argue that the judgment exceeded appellate jurisdiction and was therefore void; that the mandate based on the judgment is consequently void; and that the reinstatement of the case in the Superior Court was ineffective.

■ We think the prior judgment of this court was within this court's jurisdiction. The final judgment of the trial court on the merits was reviewed in an exercise of appellate jurisdiction. The judgment was reversed and the cause remanded to enter judgment for rent. This is different from overruling a demurrer and ordering a writ to issue as in People ex rel. Lydston v. Hoyne, 262 Ill. 82; from ruling on a motion for new trial where the trial court had not done so in the first instance as in Goodrich v. Sprague, 376 Ill. 80; and from entering judgment on a verdict after setting aside a judgment notwithstanding the verdict as in Scott v. Freeport Motor Casualty Co., 379 Ill. 155.

The Hoyne case is the leading case on the question. There the trial court sustained a demurrer and entered judgment for the defendant. This court reversed and remanded. Thereafter, on stipulation, this court vacated its judgment and entered an order overruling the demurrer, "whereupon appellee elects to stand by his said demurrer . . ." and "ought to be required to sign the said information in the nature of a quo warranto . . . and he is hereby commanded to forthwith sign . . . the information . . . in the nature of a quo warranto." Order and judgment October 13, 1913, 36 Order Record 495, App. Ct., First Dist. Ill.

This was a clear exercise of original jurisdiction and distinguishes that case from the instant case.

The remanding order in the decision of this court on the prior appeal was justified since the record disclosed no question of fact for decision. Electrical Contractors' Ass'n of the City of Chicago v. A. S. Schulman Elec. Co., 391 Ill. 333, 346. Compare also the judgment in Bradley v. Fox, 7 Ill.2d 106, 109. Lind and Schwab argue that on a general remandment they would have had an opportunity to offer amendments to their answer to the counterclaim. This court presumes that they offered at the trial what defenses they had available. Especially is this so when their complaint, as their defense to the counterclaim, rested substantially on the alleged violation of the zoning ordinance; their motion for summary judgment implied that there was no triable issue of fact; and they took no appeal from the judgment dismissing their suit.

They contend that in any event the judgment of the Superior Court is void for want of jurisdiction over the subject matter since the remanding order was void and over their persons because the Spannuths gave only three days' notice of filing the mandate instead of ten as required by the Civil Practice Act, Section 88(2) (Ill. Rev. Stat. 1953, Chap. 110, Sec. 212 [Jones Ill. Stats. Ann. 104.088]).

On September 16, 1954, a few months after the filing of the opinion in the prior appeal, the Spannuths mailed notice to Lind and Schwab that on September 20th they would appear in the Superior Court and move for leave to file the mandate and to set a date for the hearing on the counterclaim. On September 20th leave was given, the mandate was filed, the hearing on the counterclaim was set and the judgment for rent followed.

■ Section 88(2) provides "upon the filing of such mandate in the trial court, the cause or proceeding shall be reinstated therein, upon ten days' notice being given to the adverse party or his attorney." Literally, this requires that at the time of filing the mandate ten days' notice be given of the reinstatement of the cause. No notice is required under this section when the remandment is not for "new trial or hearing." Boggiano v. Chicago Macaroni Mfg. Co., 118 Ill. App. 225.

The question of the necessity of the ten days' notice has been before the Supreme Court and this court several times. In an 1855 case, Murray v. Whittaker, 17 Ill. 230, before the legislature spoke on the subject, the Supreme Court thought that the parties were bound to know that the cause had been remanded and it refused to reverse for want of notice. The court said there was no statute requiring notice and that it had no power to make rules for the circuit court. It suggested a rule, the substance of which the legislature in 1872 enacted into the law respecting notice.

Subsequently in 1884 the Supreme Court in dictum said that the notice was required to reinvest the trial court with jurisdiction of the person. Austin v. Dufour, 110 Ill. 85. Then in 1896 this court said the notice was "indispensable" (Taylor v. Brougham, 63 Ill. App. 283) relying on Austin v. Dufour. Later in 1906 the Supreme Court in Gage v. People ex rel. Hanberg, 223 Ill. 410, 415 struck down objections to defective notice, though it complied with the ten-day requirement, and said "the sole purpose of the statute . . . is to advise the opposite party that the cause is to be re-instated in the trial court." No reference was made to the case of Austin v. Dufour. In 1910 the Supreme Court in Snell v. Weldon, 243 Ill. 496 at page 516 said "the court . . . could not properly proceed to the trial . . . until the ten-day notice required by

the Practice act was given to the opposite party" citing Austin v. Dufour. It thought the situation similar to a pending case before service on the defendant and it approved filing mere formal amendment prior to the notice. Then in 1913 the Supreme Court in People ex rel. Zilm v. Conway, 261 Ill. 26, 29 without referring to Austin v. Dufour said "no step could be taken in the cause . . . until it should be re-instated in pursuance of a statutory notice. . . ." The reversal was not on this ground, however.

In 1914 this court in Carlin v. Grand Trunk Western Ry. Co., 189 Ill. App. 489, decided failure to give notice was reversible error. It said this notice was like a new summons and in its absence the court had no jurisdiction over the person. The last word on the subject was written by this court in 1940 in Tracy v. Yost, 306 Ill. App. 578. There it was held the statutory notice could be waived since in Gage v. People ex rel. Hanberg the purpose was said to be advisory.

This court in Cowdery v. Northern Trust Co., 321 Ill. App. 243, 269 said that when notice to appeal is filed, the trial court is "ousted" of jurisdiction. Nevertheless the case is the same case in a different court. Reiter v. Illinois Nat. Casualty Co., 397 Ill. 141, 146. The attaching of jurisdiction over the case in this court carries the jurisdiction of the parties, though for some matters the trial court retains jurisdiction, as for example in temporary alimony and support matters. We think that this is the effect of the provision in Section 74 of the Civil Practice Act that an appeal "shall constitute a continuation of the proceeding. . . ." (Ill. Rev. Stat. 1953, Chap. 110, Section 198 [Jones Ill. Stats. Ann. 104.074].) The trial court does not lose jurisdiction of the case nor of the parties during the pendency of the appeal. Especially where the plaintiff began the suit he is present before the court for all purposes so long as the court retained any juris-

diction. Perry v. Perry, 349 Ill. App. 116, 119. So when the case is remanded the suspension of the trial court's jurisdiction is removed when the mandate is filed and the case reinstated. The jurisdiction of this court over the subject matter and the parties is released and the notice is to advise the adverse party of that fact. Judge Feinberg's concurring opinion will cover this aspect of the case more thoroughly.

■ ■ We conclude that the judgment of this court in the prior appeal did not exceed the jurisdiction of this court; that the notice required by Section 88(2) of the Civil Practice Act is not jurisdictional; that the trial court had jurisdiction over the persons of Lind and Schwab; and that the judgment entered was valid. This conclusion disposes of all points raised.

Judgment affirmed.

FEINBERG, J., specially concurring.

LEWE, P. J., took no part.

JUDGE FEINBERG specially concurring:
Cross-defendant contends that when an appeal is perfected the jurisdiction or control of the court below ceased, and there being no case pending in the court below during the appeal, the lower court has no authority to enter any order in the case until it is properly reinstated after remandment by the reviewing court; that in the absence of a proper reinstatement in compliance with the statute, the trial court has no jurisdiction of the subject matter or of the person, and all proceedings in the lower court are coram non judice or void.

Cross-defendant relies upon Austin v. Dufour, 110 Ill. 85, 87, 88, and Watkins v. Dunbar, 318 Ill. 174, 177. In the Austin case the court held that after reversal

and remandment to the trial court "by the filing of the transcript in the trial court that court again obtains jurisdiction over the subject matter of the suit. But this is not sufficient, of itself, to authorize the court to proceed. Before any steps can be taken in the cause, the court must also obtain jurisdiction over the person of the adverse party, and this, in the absence of a voluntary appearance, can only be done by giving the notice required by the section of the statute above mentioned. It is hardly necessary to add, unless the court has jurisdiction both of the person and subject matter of the suit, its proceedings will be coram non judice,—or, in other words, void." It was there also said:

". . . and it is clear a mere inspection of the record in this case would have fully apprised appellant of the fact that the proceedings, after the filing of the remanding order, were but a continuation of the original suit."

The Watkins case is not applicable.

We are confronted with these questions:

To what extent does the lower court lose jurisdiction of the subject matter and of the person by a perfected appeal under the present Civil Practice Act?

Are proceedings in the lower court had after the appeal is perfected, and a bond filed, which acts as a supersedeas, void or voidable?

As early as Oakes v. Williams, 107 Ill. 154, 157, the court said:

"What was the effect of the appeal by McBean from the judgment of the Circuit to the Supreme Court, recovered by McGlanery & Co.? Did it render the execution issued upon it, and all subsequent proceedings under it pending the appeal, void or voidable? That it operated as a stay of further proceedings during

the pendency of the appeal has never been questioned. The appeal operates as a *supersedeas* granted on a writ of error, or the order of a circuit judge staying a judgment in the circuit court. That *all proceedings* under a judgment stayed by appeal, by *supersedeas,* or by such an order of a judge, are irregular, and may be set aside, on motion to quash, or other appropriate proceedings, there can be no question. But it is not every irregularity in issuing and executing process that will render the process void." (Italics ours.)

This holding was followed with approval in Shirk v. Metropolis & New Columbia Gravel Road Co., 110 Ill. 661. It was there held that the only effect of the appeal is to stay further proceedings until the appeal is disposed of; "that the issue of an execution on a judgment pending an appeal is irregular, but that it is not void, and that a sale of land under such an execution is subject to be set aside, on motion made in proper time, by the defendant whose land has been sold."

Such expressions as, "that after the notice of appeal was filed in the trial court, that court *lost jurisdiction* of the case, and the jurisdiction of this court attached and continued until that appeal was disposed of," are found in Simon v. Balasic, 316 Ill. App. 442 (Abst.). That case was cited with approval in Cowdery v. Northern Trust Co., 321 Ill. App. 243, with the further statement, "This *ousts the jurisdiction* of the lower court, even though no bond is filed on the appeal." (Italics ours.)

In Nye v. Nye, 342 Ill. App. 11, 16, the statement is:

"The general rule is that when the notice of appeal is filed the jurisdiction of the trial court *ceases* and the jurisdiction of the Appellate Court attached." (Citing Cowdery v. Northern Trust Co., supra.) (Italics ours.)

To the same effect is Sunbeam Corp. v. Central House-keeping Mart, Inc., 2 Ill.App.2d 543, 559.

In First Nat. Bank of Jonesboro v. Road Dist. No. 8, 389 Ill. 156, where there first was an appeal to the Appellate Court from a decree which directed distribution of certain funds held by the Drainage District, no appeal bond was filed, so that the appeal did not act as a supersedeas. Pending the appeal the fund was distributed in accordance with the decree. A motion was made in the Appellate Court to dismiss the appeal because the questions there pending became moot, since the decree was satisfied by the distribution of the fund. The Appellate Court dismissed the appeal on that ground. The appeal to the Supreme Court followed. It was there held that the questions on appeal in the Appellate Court had not become moot merely because the proceedings in the lower court had not been stayed by the filing of a bond, which would act as a supersedeas; that if benefits are received from the erroneous decree or judgment, the party must, after reversal, make restitution, and if he has sold property erroneously adjudged to belong to him, he must account to the true owner for the value. The reversal of such a decree leaves the cause as it stood prior to the entry of the decree. To the same effect is Willett Co. v. Carpentier, 4 Ill.2d 407, 412.

The court there did not hold that the notice of appeal, when filed in the trial court, "ousts that court of jurisdiction, even if no appeal bond is filed," or that the jurisdiction of the lower court "ceases," or that the trial court "lost jurisdiction of the case," as stated in the Appellate Court cases above cited upon this question. We think these expressions in the Appellate Court cases are not an accurate statement of the rule and are likely to lead to confusion. After a careful study of the Appellate and Supreme Court cases upon the question of jurisdiction of the trial court, where

an appeal is perfected, the following conclusions are justified:

> That the filing of a notice of appeal in the trial court is all that is necessary to perfect the appeal, and the jurisdiction of the Appellate Court attaches;

> That the trial court never loses jurisdiction of the subject matter or of the person pending an appeal, and the appeal is a continuation of the original suit;

> That the appeal restrains the trial court from entering any order which would change or modify the judgment or decree, or the scope thereof, and from entering any order which would have the effect of interfering with the review of the judgment or decree;

> That the giving of a bond merely stays the efficacy of the decree or judgment (First Nat. Bank of Jonesboro v. Road Dist. No. 8, supra); and

> That proceedings in violation of a supersedeas may be vacated or set aside, attempted violations may be restrained, and any action in defiance of the force and effect of the supersedeas is punishable as a contempt of court. (Gumberts v. East Oak Street Hotel Co., 404 Ill. 386, 389, 390.)

In the latter case cited, there is no intimation by the court that proceedings in the lower court in violation of a supersedeas are void.

If the doctrine of the Appellate Court cases cited is sound, then to be consistent it would necessarily follow that proceedings in the lower court, after the filing of the notice of appeal, or even where the bond is filed that acts as a supersedeas, would have to be deemed void, not voidable. This is not supported by the reasoning in the Supreme Court cases.

In Strauss v. Danielson, 396 Ill. 315, 321, it appears that after the appeal to the Appellate Court had been perfected, the death of the trustee, Herman Strauss, was suggested, and on application to the Superior Court an order was entered, appointing the Trust Company of Chicago successor trustee. Later the Appellate Court permitted the successor trustee to be substituted in that court. It was contended in the Supreme Court that the Superior Court lacked jurisdiction to make such an appointment, and that the Appellate Court erred in allowing the substitution. The Supreme Court overruled the contention and approved of the order entered in the Superior Court and in the Appellate Court.

Under the doctrine of the Appellate Court cases, such an order entered by the Superior Court, in the case last cited, would have to be held void, because the court had been ousted of jurisdiction by the perfected appeal.

A case in point, which coincides with our view, is Burr v. State Bank of St. Charles, 344 Ill. App. 332. That was an action for damages for wilful violation of a supersedeas resulting from a perfected appeal to the Appellate Court. It appears that there had been a bill to foreclose a mortgage and a decree of foreclosure entered. Pending the appeal to the Appellate Court and the giving of an appeal bond, which acted as a supersedeas, the plaintiff procured a sale under the decree, by the master, and the court entered a decree approving the sale of the master. It was there said:

"In cases where there has been a judgment and a sale under an execution pursuant to the judgment and where the enforcement of the judgment has been stayed by an appeal and *supersedeas,* any action in violation of the *supersedeas* is regarded as an irregularity and is not void." (Citing Oakes v. Williams,

454

 

and Shirk v. Metropolis & New Columbia Gravel Road Co., supra.)

In the light of the foregoing, upon the filing of the mandate of the Appellate Court in the instant case, the mere defective notice to reinstate the cause and to enter judgment upon the mandate does not make the proceedings in the trial court void, but only voidable, which could have been corrected by proper motion in the trial court. State Bank of St. Charles v. Burr, 372 Ill. 114, 119.

I regard the foregoing as additional reasons for affirming the judgment.